[No. 241.   Decided June 12, 1891.]

*Ex parte* LOWMAN & HANFORD STATIONERY AND PRINTING COMPANY.

### NEW TRIAL—JOINT DEFENDANTS.

In an action against joint defendants, where judgment by default has been rendered against one and judgment recovered against the others on the trial of the action, it is not error to grant a new trial as to the defendants who answered and deny it as to the defaulting defendant, although the motion for a new trial may have been made in the name of all the defendants.

*Original Application for Certiorari.*

*S. M. Bruce,* for petitioner.

The opinion of the court was delivered by

HOYT, J.—This is a proceeding by the petitioner for a writ of *certiorari* to the superior court of the county of Whatcom, by which the petitioner seeks to bring into this court that portion of the record in a case therein pending which relates to the motion for a new trial filed therein, and the action of the court in granting the same, and seeks upon such record to have the action of such court vacated and set aside. It appears from the petition that, in an action pending in said court against D. P. Mason, D. W. Mason and H. K. Stewart, default and judgment were duly entered against said D. P. Mason, and that some months afterwards a trial was had as to the cause of action alleged, as against the other two defendants, upon issues made by their several answers thereto. A verdict for the plaintiff was rendered, and a motion for a new trial filed. All of said defendants in form joined in said motion. The court denied the same as to said defendant D. P. Mason, and granted it as to the other two defendants, and for that reason it is alleged by the petitioner that the action of said court was erroneous, and that, as it has no other adequate remedy, it is entitled to the writ of *certiorari*. Its contention in this regard is, that the motion being joined in by all three defendants it must be sustained as to all, or denied as to all, and that, as the judgment against said D. P. Mason had been rendered months before, he could have no relief by said motion, and therefore no relief could be given to his co-defendants joined with him in said motion. That such is the general doctrine is undoubtedly correct, and if said D. P. Mason was so far a party to the verdict sought to be set aside by such motion for a new trial as to

be at all recognized in connection therewith, the contention of petitioner as to the action of the court upon such motion would be correct; but we think that D. P. Mason was, so far as the trial had in said cause and the verdict rendered was concerned, an entire stranger to the proceeding; and for that reason his joining in the motion had no effect thereon, and the mention of his name therein should have been and probably was treated as a nullity. This being so, the motion was in substance made only by two of said defendants, and the contention of petitioner as to the error of the court in its action thereon falls to the ground. It follows that it is not entitled to the writ prayed for.

It is an open question in this state as to whether or not this court has power, under the constitution, unaided by legislation, to grant a writ of *certiorari* to the superior courts of the state; and, if it has, whether such writ will be granted until after final judgment in the court below. The view we have taken, however, as to the effect of the motion set out in the petition herein, makes it unnecessary for us to decide these questions here. The writ will be denied.

ANDERS, C. J., and STILES, SCOTT, and DUNBAR, JJ., concur.